

**U.S. Department of Justice**
*Billy J. Williams*
*United States Attorney*
*District of Oregon*
*405 E. 8th Ave.*                    *(541) 465-6771*
*Eugene, OR 97201*              *Fax (541) 465-6314*

January 3, 2017

Terri Wood
Law Office of Terri Wood
730 Van Buren St
Eugene OR   97402

> Re:   *United States v. Paul Howard Stacker*
>         Plea Agreement Letter

Dear Counsel:

1.   **Parties/Scope**:   This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority.   This agreement does not apply to any charges other than those specifically mentioned herein.

2.   **Charges**:   Defendant agrees to waive grand jury and plead guilty to a one count Information, which charges the crime of possession of child pornography, in violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and (b)(2).

3.   **Penalties**:   Count one carries a maximum penalty of 10 years' imprisonment, a $250,000 fine, a term of supervised release of five years to life, and a $100 statutory fee assessment. Defendant may be required to pay restitution to any victim of his offenses.   Defendant will also be required to register as a sex offender.   Defendant agrees to pay the total fee assessment by the change of plea hearing or explain to the court why this cannot be done.

4.   **Elements and Facts**: Defendant understands that the elements of possession of child pornography are as follows:

(1)   Defendant knowingly possessed child pornography, as defined in 18 U.S.C. § 2256; and

(2)   The child pornography had previously been shipped or transported in or affecting interstate or foreign commerce by any means, including by computer.

Defendant stipulates that the government can prove each of the following facts beyond a reasonable doubt at trial:

(1)   On August 11, 2015, as part of an ongoing child pornography investigation, law enforcement executed a search warrant at defendant's residence.

(2) A search of digital devices belonging to defendant revealed thousands of images of child pornography that had previously been shipped in interstate commerce.

5. **Dismissal/No Prosecution**: The USAO will move at the time of sentencing to dismiss any remaining counts against defendant. The USAO further agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation known to the USAO at the time of this agreement.

6. **Sex Offender Registration**: Defendant understands that under the federal Sex Offender Registration and Notification Act, he must register as a sex offender and keep the registration current in any state in which he resides, is employed, or is a student. Defendant understands that he must update his registration not later than three business days following any change of name, residence, employment, or student status. Defendant further understands that failure to comply with these obligations may subject him to prosecution under federal and/or state law for failing to register as a sex offender.

7. **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

8. **Guidelines Calculations**: The parties agree that defendant's relevant conduct, as defined in U.S.S.G. § 1B1.3, includes all of the unlawful conduct detailed in the search warrants, all the child pornography downloaded as part of the undercover operation and all the child pornography found on digital items seized from his residence. For sentencing purposes, the parties agree that the following guideline calculations presently apply in this case:

| | |
|---|---|
| Base offense level [U.S.S.G. § 2G2.2(a)(1)] | 18 |
| Material involving a prepubescent minor [§ 2G2.2(b)(2)] | +2 |
| Material involving sadistic conduct [§ 2G2.2(b)(4)] | +4 |
| Use of computer [§ 2G2.2(b)(6)] | +2 |
| More than 600 images [§ 2G2.2(b)(7)(D)] | +5 |
| Acceptance of Responsibility | -3 |
| Adjusted offense level | 28 |

9. **Acceptance of Responsibility**: Defendant must demonstrate to the Court that he fully admits and accepts responsibility under U.S.S.G. § 3E1.1 for his unlawful conduct in this case. If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level (two levels if defendant's offense level is less than 16). The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in U.S.S.G. § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in U.S.S.G. § 3E1.1.

10. **Sentencing Recommendation**: The government will recommend a sentence at the low-

end of the guideline range.

11.     **Additional Departures, Adjustments, or Variances**: The USAO agrees not to seek any upward departures, adjustments, or variances to the advisory sentencing guideline range, or to seek a sentence in excess of that range, except as specified in this agreement.

    A.     Defendant reserves the right to seek a downward departure, adjustment or variance from the applicable sentencing guideline range.  The basis for the departure, adjustment or variance shall be limited to 18 U.S.C. § 3553.

    B.     Defendant agrees that, should he seek a downward departure, adjustment, or variance from the applicable guideline range determined by the Court and Probation Office, he will provide the government with notice of: (1) the factual basis for such request; (2) any evidence defendant intends to introduce or rely upon at the sentencing hearing; and (3) any witnesses, including expert witnesses, defendant intends to call or rely upon at the sentencing hearing.  Such notice must be provided to the government no later than the Wednesday prior to the week during which the sentencing hearing is scheduled.  Defendant agrees that if he fails to comply with this notice requirement, he will not oppose a government motion for a postponement of the sentencing hearing.

12.     **Waiver of Appeal/Post-Conviction Relief**:  Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that:  (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal.  Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2).

13.     **Court Not Bound**:  The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer.  Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

14.     **Asset Forfeiture:**  By signing this agreement, defendant knowingly and voluntarily forfeits all right, title, and interest in and to all assets which are subject to forfeiture pursuant to 18 U.S.C. § 2253, including digital devices and storage media, which defendant admits contained visual depictions of minors engaged in sexually explicit conduct, and was used or intended to be used to commit or promote the commission of the offense alleged in count one of the information.

15.     **Restitution:** The Court shall order restitution to each victim in the full amount of each

victim's losses as required by law and determined by the Court. Based on the Supreme Court's decision in *Paroline v. United States,* 134 S. Ct. 1710 (2014), restitution may be owed to multiple victims who were in the images and videos possessed and traded by the defendant. The United States will provide any restitution requests that are received to the defense and the Court and make any appropriate request for restitution.

16.    **Full Disclosure/Reservation of Rights**:    The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

17.    **Breach of Plea Agreement**:    If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

If defendant believes that the government has breached the plea agreement, he must raise any such claim before the district court, either prior to or at sentencing. If defendant fails to raise a breach claim in district court, he has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

18.    **Memorialization of Agreement**:    No promises, agreements or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

19.    **Deadline**:    This plea offer expires if not accepted by January 31, 2017 at 1:30pm

Sincerely,

BILLY J. WILLIAMS
United States Attorney
s/ Amy E. Potter
AMY E. POTTER
Assistant United States Attorney

///
///
///
///
///
///
///
///
///

I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I wish to plead guilty because, in fact, I am guilty.

1/27/17
Date

Paul Stacker, Defendant

I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

1/25/17
Date

Terri Wood, Attorney for Defendant