BILLY J. WILLIAMS, OSB #901366
United States Attorney
District of Oregon
AMY E. POTTER
Assistant United States Attorney
Amy.Potter@usdoj.gov
405 E. 8th Ave., Ste. 2400
Eugene, Oregon 97401
Telephone: (541) 465-6771
Attorneys for the United States

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA** | Case No. 6:17-cr-00007-AA |
| v. | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **PAUL STACKER,** | |
| **Defendant.** | Sentencing Date: August 15, 2017 at 2:00pm |

The United States of America, by and through Billy J. Williams, United States Attorney for the District of Oregon, and Amy E. Potter, Assistant United States Attorney, hereby submits this sentencing memorandum in anticipation of the sentencing of Paul Stacker on August 15, 2017. Defendant Stacker pleaded guilty to one count of possession of child pornography on January 25, 2017. The government is recommending a sentence of 78 months' imprisonment with five years of supervised release to follow.

/////

/////

## I. FACTUAL BACKGROUND

The facts underlying this case are detailed in the Presentence Report and the United States concurs with the offense conduct description. (PSR ¶¶ 16-26).

In 2015, the FBI seized a website devoted to the trade in child pornography. (PSR ¶ 16). Users, who had to sign up to join the website, could enter into forums and trade child pornography. (PSR ¶ 17). Mr. Stacker used the website and a search warrant was executed on his residence. (PSR ¶¶ 18, 19). During the search warrant, law enforcement found two desktop computers, two external hard drives, life-size dolls of female children, a box of Barbie dolls, and a box of letters from a 16-year-old in Australia in Mr. Stacker's bedroom. (PSR ¶ 21). When interviewed, Mr. Stacker denied seeing online images of child pornography. (PSR ¶ 23). The forensic review of the seized electronic devices revealed otherwise—Mr. Stacker was in possession of over 13,000 images and over 400 videos of child pornography. (PSR ¶ 26).

## II. GUIDELINES CALCULATIONS

The parties agree that the following guideline calculation apply in defendant's case:

| | | |
|---|---|---|
| (1) USSG § 2G2.2(a)(2) – Base Offense Level | | 18 |
| (2) USSG § 2G2.2(b)(2) – images w/ minor <12 | | 2 |
| (3) USSG § 2G2.2(b)(4) – sadomasochistic behavior | | 4 |
| (4) USSG § 2G2.2(b)(6) – use of computer | | 2 |
| (5) USSG § 2G2.2(b)(7)(D) – more than 600 images | | <u>5</u> |
| | Base Offense | 31 |
| (6) USSG § 3E1.1 – Acceptance of Responsibility | | <u>- 3</u> |
| | **Total Offense Level** | **28** |

Defendant is a criminal history category I, resulting in a guideline range of 78-97 months' imprisonment.

III. SENTENCING RECOMMENDATION

The government is recommending a 78-month sentence, the low-end of the guideline range. Probation recommends 51 months' imprisonment. The defense is requesting no period of imprisonment.[1]

Mr. Stacker joined a hidden website located on an anonymity network to trade and obtain child pornography. This was not something he just stumbled across; he had to actively look for it (after downloading the Tor software). When he found the site (and presumably other sources of child pornography), he downloaded and saved the child pornography, resulting in over 13,000 images and 400 videos of child pornography on his computer. A prison sentence is warranted here.

The government acknowledges that being a convicted sex offender in prison can be difficult and that defendant has medical issues, but this does not excuse his behavior. Nor should medical issues allow defendant to escape the punishment faced by other similarly situated defendants, many of whom have no criminal history and fewer images.

The volume of child pornography Mr. Stacker possessed and lengths he went to find it alone warrant a term of imprisonment. But here, there is something more—a prior conviction for contributing to the delinquency of a minor, the fact that he was corresponding with a 16-year-old, and sex toys that indicate a sexual interest in children—that supports a term of imprisonment. There is no doubt that defendant has medical issues and suffered abuse as a child

---

[1] If the Court decides not to impose a term of imprisonment, the government request that the Court order a time-served sentence and impose a minimum of five years of supervision.

and those factors may warrant a variance, but a prison sentence is still appropriate in this case. Mr. Stacker can provide BOP with his medical records and seek placement in an appropriate facility.

## IV. RESTITUTION

Multiple victims submitted restitution requests. One victim resolved with defendant in a separate civil case. Two others resolved with defendant in this case. The government will provide that information separately.

## V. CONCLUSION

A 78-month term of imprisonment with a 5-year term of supervised release is appropriate in this case.

Dated this 9th day of August 2017.

                                                Respectfully submitted,

                                                BILLY J. WILLIAMS
                                                United States Attorney

                                                s/ *Amy E. Potter*
                                                AMY E. POTTER
                                                Assistant United States Attorney